JUSTICE NELSON,
concurring.
¶56 I concur with the Court’s decision. While the Opinion correctly discusses Satterlee v. Lumberman’s Mut. Cas. Co., 2009 MT 368, 353 Mont. 265, 222 P.3d 566, as the present state of the law, I continue to disagree -with our decision in that case. See Satterlee, ¶¶ 42-56 (Morris & Nelson, JJ., dissenting). If nothing else, the Court’s Opinion here points up the unfairness, fallibility, and illogic of “statistical” retirement ages. See Opinion, ¶¶ 42, 45-47.
¶57 In point of fact, workers are living longer, and, of necessity, many have to work past their “statistical” retirement ages in order to provide the basic necessities of life for themselves and their families. Neither wages nor Social Security has even remotely kept pace with inflation and the rising prices of basic consumer goods, food, and healthcare. Grandparents are raising their grandchildren and may have their own out-of-work children living with them. Defined benefit pension plans are a thing of the past outside government employment, and any notion that ordinary working people can save enough to actually retire without working is a fiction.
¶58 Indeed, given the graying of America, our country’s declining birth rates, and an economy that just never seems to “trickle down” to ordinary working people,[1] it is completely illogical and without rational basis to deny an injured worker compensation or benefits on the basis of the person’s “statistical” retirement age. If the Legislature is sold on statistics, I suggest it is using the wrong ones.
¶59 As support for its argument, the Dissent cites cases in which we have said that a classification is reasonable if “any reasonably conceivable state of facts” provides a rational basis for it, Kottel v. State, 2002 MT 278, ¶ 55, 312 Mont. 387, 60 P.3d 403, and that the purpose of the challenged legislation may be “any possible purpose of which the court can conceive,” Satterlee, ¶ 34 (internal quotation marks omitted). Admittedly these standards have been in our caselaw for some time now. See e.g. Johnson v. Sullivan, 174 Mont. 491, 498-99, 571 P.2d 798, 802 (1977); Stratemeyer v. Lincoln County, 259 Mont. 147, 152, 855 P.2d 506, 509-10 (1993). Nevertheless, upon reflection, I cannot agree with the proposition that rational-basis review involves our imagining possible reasons or purposes for an enactment. For one thing, why should we be searching for reasons and purposes to support *154 the challenged legislation? That is not only arbitrary on our part, but also intrudes upon the Legislature’s duty to craft constitutional laws. Furthermore, this approach does not fulfill rational-basis scrutiny. “Rational” means based on correct and valid reasoning and logic. The American Heritage Dictionary of the English Language 1029, 1452 (4th ed., Houghton Mifflin 2000). The legislative classification, in other words, must bear a logical and reasoned relationship to a specific and legitimate purpose. Simply because we might conceive of some purpose that the legislation could theoretically serve under some hypothetical set of facts in no way establishes that the legislation is rationally related to the particular purpose for which it was enacted. In my view, the “any conceivable purpose/reason” approach is flawed and should be rejected.
¶60 Finally, the Dissent also argues that public policy determinations are the domain of the Legislature and that this Court must give deference to the Legislature’s policy choices. Our deference, however, is not boundless when legislation is challenged as violative of the Constitution. Deference does not mean abdication, and “rational-basis scrutiny” is still scrutiny. It is, in point of fact, this Court’s obligation here to review the Legislature’s specific implementation of its policy choices and determine whether the legislation at issue bears a rational relationship to a legitimate governmental interest. It does not bear that relationship, for the reasons stated in the Court’s Opinion.
¶61 I accordingly concur in our decision.

 Although, the benefits and rewards of the economy always seem to percolate up.